# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH KELLY DINGLER (#00149118),** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. **3:19-CV-2828-L** |
| **THE STATE OF TEXAS, ROCKWALL COUNTY,** and **439th JUDICIAL DISTRICT**, | § § § § § | |
| Defendants. | § | |

## ORDER

The Findings, Conclusions, and Recommendation of the United Stated Magistrate Judge ("Report") (Doc. 4) was entered on December 4, 2019, recommending that the court *sua sponte* remand this action to the 439th Judicial District Court of Rockwall County, Texas, as the court does not have subject matter jurisdiction over this action. *Pro se* Plaintiff Joseph Kelly Dingler ("Plaintiff") filed his Objections on December 17, 2019.

In the Report, United States Magistrate Judge David Horan determined that "the only substantive provision of the federal removal statute that could be applicable here," regarding the removal of Plaintiff's criminal prosecution, is 28 U.S.C. § 1443(1), and it is narrowly construed. Report 3. Section 1443(1) provides that:

> [a]ny of the following civil actions or criminal prosecutions, commented in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]  28 U.S.C. § 1443(1).

28 U.S.C. § 1443(1). Magistrate Judge Horan then applied the following two-prong test, which is well-established by the Supreme Court and the Fifth Circuit, in determining whether Plaintiff's criminal prosecution could be removed under Section 1443(1):

> [T]o gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights statement in terms of racial equality; and (1) the removal petitioner is denied or cannot enforce the specified federal rights in state courts due to some formal expression of state law.

*Gee v. Texas*, 769 F. App'x 134 (5th Cir. 2019) (quoting *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982); *see Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). After considering Plaintiff's assertions, Magistrate Judge Horan determined that Plaintiff failed to establish either prong of the analysis, and, accordingly, the court lacks subject matter jurisdiction over this removed criminal prosecution.[1] He further determined that the federal Anti-Injunction Act prohibits the court from enjoining state proceedings under the alleged circumstances. Thus, he recommends that the court *sua sponte* remand this action to the state court from which it was removed.

Plaintiff only objects on the basis that "there is not a single case asking this specific question[2] about clause two [of Section 1443]," which states "or all persons within the jurisdiction thereof." Pl.'s Obj. ¶¶ 8-9 (citing 28 U.S.C. § 1443(1)). He otherwise agrees with the Magistrate Judge's ruling. He also asserts that the indictments against him in state court are based on vague, unconstitutional, and overly broad statutes, which, according to him, warrants removal of his criminal prosecution to state court. He makes no allegation that the Magistrate Judge erred in his

---

[1] Plaintiff also alleged that removal was proper under 28 U.S.C. §§ 1331, 1332(1) & (2), and 1343(a)(1)-(3). Magistrate Judge Horan determined, although not explicitly, that these sections did not apply. *See* Report 3.

[2] While Plaintiff does not clearly state to which "question" he is referring, the court can reasonably infer that he is referring to the interpretation and application of that specific language.

legal analysis of the issues, or his determination that the other bases for removal that he asserted in his Notice of Removal (Doc. 2) were inapplicable.

Overall, the court agrees with the Magistrate Judge's findings and conclusions. It also notes that the Supreme Court has previously addressed similar arguments for removal under Section 1443 as those offered by Plaintiff. In doing so, the Supreme Court stated, "[A] a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [Section 1443(1)]." *Johnson*, 421 U.S. at 219 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Considering the Court's determination and Plaintiff's allegations, this court concludes that Plaintiff's assertions fall squarely within the bounds of the Court's description, and, thus, Plaintiff's allegations are insufficient to warrant removal under Section 1443(1). Plaintiff's focus on the phrase, "or all persons within the jurisdiction thereof," has no effect on the Supreme Court's directive on the applicability of the removal provision and, further, has no bearing on this court's analysis.

Accordingly, having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as supplemented as those of the court. Accordingly, the court determines that it does not have subject matter jurisdiction over this action and, thus, **remands** this action to the 439th Judicial District Court of Rockwall County, Texas, from which it was removed and **directs** the clerk of court to effect the remand in accordance with the usual procedure.

**It is so ordered** on this 27th day of February, 2020.

                                                  Sam A. Lindsay
                                                  United States District Judge